**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:**

LISETTE LESMES and HILMAR MENENDEZ,

    Plaintiffs,

vs.

RIVX AUTOMATION CORP, a Florida Corporation.,
RIVX TRUCKING LLC, a limited liability company,
MACEDA TRANSPORTATION SERVICES, Inc.,
PROPIHUB LLC, a limited liability company,
ANTONIO RIVODO, individually, and ALSON
KEELER, individually,

    Defendants.
_____/

**COMPLAINT**

    COMES NOW, Plaintiffs, LISETTE LESMES ("LESMES") and HILMAR MENENDEZ ("MENENDEZ") (collectively "Plaintiffs"), by and through the undersigned counsel, hereby sue Defendants, RIVX AUTOMATION CORP ("RIVX"), RIVX TRUCKING LLC ("RIVX TRUCKING"), MACEDA TRANSPORTATION SERVICES, INC. ("MACEDA"), PROPIHUB LLC ("PROPIHUB"), ANTONIO RIVODO ("RIVODO"), and ALSON KEELER ("KEELER"), (collectively "Defendants") and alleges as follows:

**JURISDICTION VENUES AND PARTIES**

1. This is an action seeking payment of wages, including but not limited to, earned but unpaid compensation for hours worked and unpaid overtime compensation, due to Plaintiffs and other similarly situated workers under federal law.

2. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 216(b) ("the Act") and 28 U.S.C. § 1331.

3. At all times material hereto, Plaintiff, LISETTE LESMES, was and is a resident of Miami-Dade County, Florida.

1

4. At all times material hereto, Plaintiff, HILMAR MENENDEZ, was and is a resident of Miami-Dade County, Florida.

5. Plaintiffs are covered employees for purposes of the Act.

6. At all times material hereto, Defendant, RIVX, was and is a Florida corporation authorized to transact business in the State of Florida and does business in Miami-Dade County, Florida.

7. At all times material hereto, Defendant, RIVX TRUCKING, was and is a Florida corporation authorized to transact business in the State of Florida and does business in Miami-Dade County, Florida.

8. At all times material hereto, Defendant, MACEDA, was and is a Florida corporation authorized to transact business in the State of Florida and does business in Miami-Dade County, Florida.

9. At all times material hereto, Defendant, PROPIHUB, was and is a Florida corporation authorized to transact business in the State of Florida and does business in Miami-Dade County, Florida.

10. Defendant, RIVODO, resides in and/or regularly transacts business within Miami-Dade County. The individual Defendant RIVODO is the owner of RIVX, RIVX TRUCKING, MACEDA, and/or PROPIHUB, and/or was responsible for paying Plaintiff's wages, hired and fired employees, supervised and controlled Plaintiff's work schedule or conditions of employment, determined the rate and method of payment, and/or maintained employment records, and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203(d).

11. Defendant, KEELER, resides in and/or regularly transacts business within Miami-Dade County. The individual Defendant KEELER is the owner and/or has ownership interest in RIVX TRUCKING, RIVX, MACEDA, and/or PROPIHUB, and/or was responsible for paying Plaintiff's wages, hired and fired employees, supervised and controlled Plaintiff's work schedule or conditions of employment, determined the rate and method of payment, and/or maintained employment records, and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203(d).

12. At all times relevant to this litigation, Plaintiffs and those similarly situated worked for Defendants RIVX, RIVX TRUCKING, MACEDA, PROPIHUB, RIVODO, and KEELER.

13. Defendants have failed to pay compensation owed to the Plaintiffs and those similarly situated, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.
14. Venue is proper in the United States District Court Southern District of Florida because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

15. This cause of action is brought by Plaintiffs to recover wages for work performed, overtime wages, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees from Defendants under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C § 201 *et seq* (the "FLSA" or "the Act").
16. Defendants RIVX and RIVX TRUCKING are Florida Corporations that provide trucking services in the form of logistics, management of individual motor carriers, technology, automation, processes, and consulting.
17. Defendant MACEDA is a Florida Corporation that provides services as a motor carrier.
18. Defendant PROPIHUB is a Florida Corporation that provided compensation for work performed for the benefit of RIVX, RIVX TRUCKING, MACEDA, and/or PROPIHUB.
19. Plaintiffs performed work for all Defendants.

## PLAINTIFF - LISSETTE LESMES

20. Defendants employed LESMES as a non-exempt, full-time, salaried employee from approximately July 18, 2022, to October 13, 2022.
21. LESMES had duties as a comptroller and regularly reported to the Defendants' office located at 8350 NW 52nd Terrace, Suite 107, Miami, Florida 33166.
22. LESMES worked under the supervision of the owner(s) of RIVX, RIVX TRUCKING, MACEDA, and/or PROPIHUB, Antonio Rivodo and Alson Keeler,
23. While employed by Defendants, LESMES worked for a bi-weekly salary of $3,958.00.
24. The last check LESMES received in the amount of $3,958.00 from Defendants for her last pay period of October 1, 2022, to October 13, 2022, could not be cashed due to insufficient funds.
25. Said check to Plaintiff, LESMES, for her last pay period of October 1, 2022, to October 13, 2022 was issued by Defendant, PROPIHUB.

26. Defendant, PROPIHUB, acted in the interests of the Co-Defendant employers, RIVX, RIVX TRUCKING, MACEDA, RIVODO, and KEELER, in relation to LESMES, by compensating or purporting to compensate LESMES, for her work such that Defendant, PROPIHUB, was an employer of LESMES under 29 U.S.C. 203(d).
27. LESMES contacted Defendants several times in attempts to address the issue of compensation for her final pay period, but Defendants failed to correct the nonpayment.
28. Further, during the course of LESMES's employment with Defendants, she was not paid for overtime hours as required by law.
29. During the relevant period, Defendants willfully failed to pay LESMES overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40) hours per week.
30. LESMES never agreed to the lack of payment for overtime hours.
31. LESMES, and others similarly situated employees, seek to recover unpaid wages, overtime wages, liquidated damages, retaliatory damages, and any other relief as allowable by law.

**PLAINTIFF - HILMAR MENENDEZ**

32. Defendants employed MENENDEZ as a non-exempt, full-time, salaried employee from approximately July 18, 2022, to October 13, 2022.
33. MENENDEZ worked in Accounting and regularly reported to the Defendants' office located at 8350 NW 52nd Terrace, Suite 107, Miami, Florida 33166.
34. MENENDEZ worked under the supervision of the owners of RIVX, RIVX TRUCKING, MACEDA, and/or PROPIHUB, Antonio Rivodo and Alson Keeler.
35. Her job duties were to assist with matters related to finances, billing, collections, payroll, and budget preparation.
36. While employed by Defendants, MENENDEZ worked for a bi-weekly salary of $2600.00.
37. The last check MENENDEZ received in the amount of $2600.00 from Defendants for her last pay period of October 1, 2022, to October 13, 2022, could not be cashed due to insufficient funds.
38. Said check to MENENDEZ for her last pay period of October 1, 2022, to October 13, 2022, was issued by Defendant, PROPIHUB.
39. Defendant, PROPIHUB, acted in the interests of the Co-Defendant employers, RIVX, RIVX TRUCKING, MACEDA, RIVODO, and KEELER, in relation to MENENDEZ by

40. compensating or purporting to compensate MENENDEZ for her work such that Defendant, PROPIHUB, was an employer of MENENDEZ under 29 U.S.C 203(d).
40. LESMES contacted Defendants several times in attempts to address the issue of compensation for her final pay period, but Defendants failed to correct the nonpayment.
41. Further, during the course of MENENDEZ's employment with the Defendants, she was not paid for overtime hours as required by law.
42. During the relevant period, Defendants willfully failed to pay MENENDEZ overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40) hours per week.
43. MENENDEZ never agreed to the lack of payment for overtime hours.
44. MENENDEZ, and others similarly situated employees, seek to recover unpaid wages, overtime wages, liquidated damages, retaliatory damages, and any other relief as allowable by law.

## COUNT I – WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY WAGES OWED

45. Plaintiffs adopt and re-alleges paragraphs 1 through 44 above.
46. Defendants are an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).
47. Defendants permitted Plaintiffs and all those similarly situated to work for Defendants within the meaning of 29 U.S.C. § 203(g).
48. During workweeks between October 1, 2022 to October 13, 2022, Defendants failed to pay Plaintiffs wages for hours worked.
49. By failing to pay the Plaintiffs and those similarly situated all of their earned wages at their established wage rates during workweeks October 1, 2022 to October 13, 2022, Defendants violated the Act.
50. As a result of Defendants' unlawful conduct, the Plaintiffs and those similarly situated have incurred loss of compensation in an amount to be determined at trial, along with damages, attorney's fees, and costs of litigation.

## COUNT II – WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

51. While employed by Defendants, Plaintiffs worked several hours in excess of 40 hours per week.

52. Plaintiffs routinely worked many overtime hours per week, but their overtime hours worked were routinely and systematically not paid at the premium rate, or at all.

53. During Plaintiffs' employment with the Defendants, Plaintiffs were not paid for overtime hours as required by law.

54. Plaintiffs reported to work per their assigned schedule and Defendants were able to track and monitor the hours worked by Plaintiffs.

55. Plaintiffs were paid weekly with checks for a flat rate without regard to the number of hours worked.

56. To date, Defendants have not paid Plaintiffs and those similarly situated one and one-half times their regular rates for all hours worked by Plaintiffs in excess of 40 per week within the last three years, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a).

57. Plaintiffs therefore claim the overtime rate for each hour worked above 40 in a week using the applicable wage as the basis to calculate the overtime due and owing to Plaintiff.

58. At all times material to this action, Defendants failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by Defendants to properly pay Plaintiffs at the premium rate for all hours worked in excess of forty (40) hours per workweek.

59. Defendants failed to pay overtime compensation to Plaintiffs based upon factors to include the following: (a) Plaintiffs were not paid for most of the many hours he/she/they worked in excess of forty hours during the vast majority of his/her/their workweeks; (b) Defendants completely failed to maintain the types of books and records and policies necessary and required to establish the commencement of the workweek for overtime wage calculation purposes; and (c) Defendants have failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked, or ever.

60. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above, and Plaintiffs are entitled to recover double damages.

61. Defendants willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

62. As a result of Defendants' unlawful conduct, the Plaintiffs and those similarly situated, have incurred a loss of overtime compensation in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

63. Plaintiffs have been required to hire the undersigned counsel as a result of Defendants' actions and has agreed to pay a reasonable sum for attorneys' fees in relation thereto.

## DEMAND FOR JURY TRIAL

Plaintiffs herein demand a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs, LISSETTE LESMES and HILMAR MENENDEZ, and others similarly situated, against the Defendants, RIVX, RIVX TRUCKING, MACEDA, PROPIHUB, RIVODO, and KEELER based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and

B. Award Plaintiffs, LISSETTE LESMES and HILMAR MENENDEZ, actual damages in the amount shown to be due for unpaid wages; and

C. Award Plaintiffs, LISSETTE LESMES and HILMAR MENENDEZ, actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

D. Award Plaintiffs, LISSETTE LESMES and HILMAR MENENDEZ an equal amount in double damages/liquidated damages; and

E. Award Plaintiffs, LISSETTE LESMES and HILMAR MENENDEZ reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

DATED: January 18, 2023.

Respectfully submitted,

**MATHIS LAW GROUP**

/s/ KIMESHA S. SMITH, ESQ.
**BRIAN K. MATHIS, ESQUIRE**
Florida Bar No.: 0046223
bmathis@mathislawgroup.com
rbrenes@mathislawgroup.com
**KIMESHA S. SMITH, ESQUIRE**
Florida Bar No.: 116466
ksmith@mathislawgroup.com
jkirkland@mathislawgroup.com
ckuller@mathislawgroup.com
515 E. Las Olas Blvd., Suite 120
Ft. Lauderdale, FL 33301
Mailing: P.O. Box 91657
Lakeland, FL 33804
T: (954) 616-4404
F: (954) 616-4405
*Attorneys for Plaintiffs*